Timothy A. Lukas, Esq.
Nevada Bar Number 4678
Joseph G. Went, Esq.
Nevada Bar Number 9220
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Tel: (775) 327-3000
Fax: (775) 786-6179
Email: ECFlukast@hollandhart.com
       jgwent@hollandhart.com

**ELECTRONICALLY FILED**
**November 24, 2014**

*Attorneys for John Beach, as Trustee of the Beach Living Trust dated January 22, 1999*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>ANTHONY THOMAS and WENDI THOMAS<br><br>Debtors. | Case No.:  BK-14-50333-btb<br>Chapter:     7<br><br>[Lead Case – Jointly Administered]<br><br>Case No.: BK-14-50331-btb<br>Chapter:     7 |
| JOHN BEACH, AS TRUSTEE OF THE BEACH LIVING TRUST DATED JANUARY 22, 1999,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY THOMAS and WENDI THOMAS<br><br>Defendants. | Adv. No. _____<br><br>**COMPLAINT FOR DETERMINATION OF NON-DISCHARGEABLITY OF DEBT AND DENIAL OF DISCHARGE** |

PLAINTIFF John Beach, as Trustee of the Beach Living Trust dated January 22, 1999 (the "Beach Trust"), by and through his counsel of record Holland & Hart LLP, as and for his complaint against debtors Anthony Thomas and Wendi Thomas (collectively "Defendants" or "Debtors," and individually, "Mr. Thomas" and "Mrs. Thomas"), complains and alleges as follows:

1

7343125_1

## **PARTIES**

1. Plaintiff John Beach is the Trustee of the Beach Living Trust dated January 22, 1999.

2. Plaintiff is informed and believes and thereon alleges that Debtors are the Debtors in this case, and are married and reside in Washoe County, Nevada.

3. Plaintiff is informed and believes and thereon alleges that Mr. and Mrs. Thomas operated the marital community as a partnership from which both spouse derived financial benefit, and that Mr. Thomas carried out the acts alleged herein on behalf of the partnership and in the ordinary course of business of such partnership.

## **RELATED PARTIES**

4. Plaintiff is informed and believes and thereon alleges that Defendants directly or indirectly hold an interest in AT Emerald, LLC ("AT Emerald"), the debtor in the jointly administered case number BK-14-50331-btb (the "AT Emerald Case").

5. Plaintiff is informed and believes and thereon alleges that Mr. Thomas used AT Emerald to obtain funds from Plaintiff.

## **JURISDICTION AND VENUE**

6. This adversary proceeding is one arising out of Debtors' bankruptcy case, Case No. BK-14-50333-btb.

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1334(b).

8. This Court has the jurisdiction and power both to enter a money judgment in Plaintiff's favor, as requested herein, and to declare that that judgment is non-dischargeable.

9. This is a core proceeding under 28 U.S.C. § 157 (a), (b)(1), (b)(2)(I), and (b)(2)(J).

10. This Court has personal jurisdiction over the Debtors.

11. Venue within the District of Idaho is proper under 28 U.S.C. § 1409(a).

7343125_1

**GENERAL ALLEGATIONS**

**I.    BACKGROUND**

12. On or about January 17, 2013, AT Emerald, through its manager Anthony Thomas, executed that certain Promissory Note Secured by Pledge and Security Agreement (the "Note") whereby AT Emerald promised to pay to the Beach Trust the original principal sum of $500,000.00, together with all accrued interest, fees, and costs due thereunder.

13. In order to secure the repayment of the Note, AT Emerald executed a Pledge and Security Agreement (the "Security Agreement") wherein the AT Emerald granted to the Beach Trust a security interest in that certain 23 kilogram black schist stone including a green crystal beryl (natural emerald) of approximately 22,500 carats, which stone is commonly known as the "Thomas Emerald."

14. On or about January 17, 2013, Debtors represented that the value of the Thomas Emerald was valued in excess of the original principal sum identified in the Note, even as much as $200,000,000.00.

15. The Thomas Emerald is described on AT Emerald's Schedule B on file in the AT Emerald Case.

16. Defendants' interest in AT Emerald is listed on their Schedule B on file in the above-captioned matter, and estimates its value at $200,000,000.00.

17. Upon information and belief, the value of Defendants' interest in AT Emerald is derived out of the alleged value of the Thomas Emerald.

18. Similar to the representations made by Debtors to Plaintiff at or around the time that Debtors induced Plaintiff to extend credit, AT Emerald represented on its schedules and statements that the Thomas Emerald had a value of $200,000,000.00.

19. The Beach Trust filed its UCC-1 Financing Statement with the Nevada Secretary of State as Document Number 2014003009-2 on February 4, 2014.

20. The original maturity date of the Note was January 17, 2014.

21. AT Emerald defaulted under the terms of the Note by failing to pay the amounts due at maturity.

3

7343125_1

22. Neither AT Emerald nor Debtors have made payments on the Note.

23. The Thomas Emerald is currently held at the Sarasota Vault, 640 South Washington Blvd., Suite 125, Sarasota, Florida, 34236 ("Sarasota Vault").

24. On March 4, 2014, AT Emerald and Debtors filed voluntary chapter 11 petitions (the "Petition Date").

25. On August 29, 2014, the AT Emerald Case and the above-captioned case were converted to cases under chapter 7.

26. On or about September 11, 2014, a trustee was appointed herein.

27. On October 6, 2014, the trustee and an appraiser inspected the Thomas Emerald at the Sarasota Vault, and the resulting estimation of the marketable cash value of the Thomas Emerald was determined to be significantly less than Defendants represented.

28. As of the Petition Date, the amount due under the terms of the Note was in excess of $535,000.00.

29. Throughout the pendency of this case and the AT Emerald Case, Defendants have represented that a viable purchaser for the Thomas Emerald existed, and that said purchaser was willing to pay a significant sum for the Thomas Emerald.

30. Upon information and belief, Defendants knowingly and fraudulently in connection with this case and the AT Emerald Case made a false oath or account by misrepresenting material information regarding their assets in their bankruptcy statements and schedules relating to the value of the Thomas Emerald.

### FIRST CLAIM FOR RELIEF – 11 U.S.C. § 523(a)(2)(A)
### (FALSE PRETENSES, FALSE REPRESENTATIONS, OR ACTUAL FRAUD)

31. Plaintiff hereby incorporates each and every allegation in the foregoing paragraphs as if fully set forth herein.

32. Pursuant to 11 U.S.C. § 523(a)(2)(A), a discharge will not apply to an individual debtor for a debt for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

4

7343125_1

33. Defendants falsely made representations to Plaintiff concerning the value of the Thomas Emerald in order to induce Plaintiff to enter into the loan transaction described herein.

34. Defendants' conduct as alleged herein, including misrepresenting the value of the Thomas Emerald so that Plaintiff would accept the Security Agreement as collateral for the repayment of the Note in order to induce Plaintiff to enter into the loan transaction described herein, constitutes money or property obtained by false pretenses, a false representation or actual fraud.

35. This conduct violates 11 U.S.C. § 523(a)(2)(A) and, therefore, the Defendants' indebtedness to Plaintiff constitutes a non-dischargeable debt.

### SECOND CLAIM FOR RELIEF – FRAUD UNDER NEVADA LAW

36. Plaintiff hereby incorporates each and every allegation in the foregoing paragraphs as if fully set forth herein.

37. At or around January 17, 2013, Defendants made false representations to Plaintiff concerning the value of the Thomas Emerald.

38. Defendants knew or believed that their representations regarding the value of the Thomas Emerald were false, or Defendants had an insufficient basis of information for making the representations.

39. Defendants intended to induce Plaintiff to enter into the loan transaction described above.

40. Plaintiff justifiably relied upon Defendants' representations.

41. As a result, Plaintiff has sustained damages in excess of $500,000.00.

### THIRD CLAIM FOR RELIEF – 11 U.S.C. § 727(a)(4)(A)
### (Dischargeability)

42. Plaintiff hereby incorporates each and every allegation in the foregoing paragraphs as if fully set forth herein.

43. Pursuant to 11 U.S.C. § 727(a)(4)(A), a discharge will not apply where the debtor knowingly and fraudulently, in or connection with the case, made a false oath or account.

7343125_1

44. Plaintiff is informed and believes that by misrepresenting the value of their assets on their schedules and statements, Defendants have made a false oath and account in this bankruptcy case within the meaning of 11 U.S.C. § 727(a)(4)(A).

45. The false oath and account made by Defendants in this bankruptcy includes, but is not limited to, Defendants' misrepresentation of the value of their 100% ownership interest in AT Emerald, based on an appraisal derived out of the alleged value of the Thomas Emerald.

46. Plaintiff reserves the right to allege other instances of Defendants making a false oath or account.

47. This conduct violates 11 U.S.C. § 727(a)(4)(A), and therefore, Defendants should be denied a discharge.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

(1) On the Plaintiff's claims for relief, an order declaring that the amounts owed to Plaintiff are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (B);

(2) For judgment denying Defendants' discharge pursuant to 11 U.S.C. § 727(a)(4)(A);

(3) An award of attorney's fees and costs as appropriate; and

(4) For such other and further relief as the Court may deem just and proper.

DATED Monday, November 24, 2014.

HOLLAND & HART LLP

By  */s/ Joseph G. Went*
　　Timothy A. Lukas, Esq.
　　Joseph G. Went, Esq.
　　*Attorneys for John Beach, Trustee of the*
　　*Beach Living Trust dated January 22, 1999*