Timothy A. Lukas, Esq.
Nevada Bar Number 4678
Joseph G. Went, Esq.
Nevada Bar Number 9220
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Tel: (775) 327-3000
Fax: (775) 786-6179
Email: ECFlukast@hollandhart.com
          jgwent@hollandhart.com

*Attorneys for John Beach, as Trustee of the Beach Living Trust dated January 22, 1999*

ELECTRONICALLY FILED
June 18, 2015

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>ANTHONY THOMAS and WENDI THOMAS<br><br>Debtors. | Case No.:  BK-14-50333-btb<br>Chapter:     7<br><br>[Lead Case – Jointly Administered]<br><br>Case No.: BK-14-50331-btb<br>Chapter:     7 |
| JOHN BEACH, AS TRUSTEE OF THE BEACH LIVING TRUST DATED JANUARY 22, 1999,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY THOMAS and WENDI THOMAS<br><br>Defendants. | Adv. No.   14-05067-btb<br><br>**FIRST AMENDED COMPLAINT FOR DETERMINATION OF NON-DISCHARGEABLITY OF DEBT AND DENIAL OF DISCHARGE** |

PLAINTIFF John Beach, as Trustee of the Beach Living Trust dated January 22, 1999 (the "Beach Trust"), by and through his counsel of record Holland & Hart LLP, as and for his complaint against debtors Anthony Thomas and Wendi Thomas (collectively "Defendants" or "Debtors," and individually, "Mr. Thomas" and "Mrs. Thomas"), complains and alleges as follows:

1

7864758_1

## PARTIES

1. Plaintiff John Beach is the Trustee of the Beach Living Trust dated January 22, 1999.

2. Plaintiff is informed and believes and thereon alleges that Debtors are the Debtors in this case, and are married and reside in Washoe County, Nevada.

3. Plaintiff is informed and believes and thereon alleges that Mr. and Mrs. Thomas operated the marital community as a partnership from which both spouse derived financial benefit, and that Mr. Thomas carried out the acts alleged herein on behalf of the partnership and in the ordinary course of business of such partnership.

## RELATED PARTIES

4. Plaintiff is informed and believes and thereon alleges that Defendants directly or indirectly hold an interest in AT Emerald, LLC ("AT Emerald"), the debtor in the jointly administered case number BK-14-50331-btb (the "AT Emerald Case").

5. Plaintiff is informed and believes and thereon alleges that Mr. Thomas used AT Emerald to obtain funds from Plaintiff.

## JURISDICTION AND VENUE

6. This adversary proceeding is one arising out of Debtors' bankruptcy case, Case No. BK-14-50333-btb.

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1334(b).

8. This Court has the jurisdiction and power both to enter a money judgment in Plaintiff's favor, as requested herein, and to declare that that judgment is non-dischargeable.

9. This is a core proceeding under 28 U.S.C. § 157 (a), (b)(1), (b)(2)(I), and (b)(2)(J).

10. This Court has personal jurisdiction over the Debtors.

11. Venue within the District of Nevada is proper under 28 U.S.C. § 1409(a).

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

**GENERAL ALLEGATIONS**

**I.    BACKGROUND**

12.     On or about January 15, 2013, Defendants approached Plaintiff to inquire if Plaintiff would be willing to lend him money.

13.     On or about January 15, 2013, Defendants represented to Plaintiff that Mr. Thomas could provide collateral to Plaintiff for any loan proceeds in the form of a valuable emerald.

14.     On or about January 15, 2013, Defendants represented to Plaintiff that the value of such collateral exceeded the sum that Mr. Thomas was asking to borrow, and that it was worth as much as $200,000,000.00.

15.     On or about January 15, 2013, Defendants failed to disclose to Plaintiff that Mr. Thomas is a debtor pursuant to the terms of a judgment entered in favor of Kenmark Ventures, LLC ("Kenmark Ventures") as a result of his failure to pay as agreed under the terms of a promissory note.

16.     On or about January 15, 2013, Defendants failed to disclose to Plaintiff that the purpose of the request for the loan from Plaintiff was to make a payment to Kenmark Ventures pursuant to the terms of an agreement with Kenmark Ventures.

17.     On or about January 17, 2013, AT Emerald, through Mr. Thomas, executed that certain Promissory Note Secured by Pledge and Security Agreement (the "Note") whereby AT Emerald promised to pay to Plaintiff the original principal sum of $500,000.00, together with all accrued interest, fees, and costs due thereunder.

18.     In order to secure the repayment of the Note, AT Emerald executed a Pledge and Security Agreement (the "Security Agreement") wherein AT Emerald granted to Plaintiff a security interest in that certain 23 kilogram black schist stone including a green crystal beryl (natural emerald) of approximately 22,500 carats, which stone is commonly known as the "Thomas Emerald."

7864758_1

19. On or about January 17, 2013, Defendants again represented to Plaintiff that the value of the Thomas Emerald was valued in excess of the original principal sum identified in the Note, even as much as $200,000,000.00.

20. In January 2013, Defendants knew or had reason to know that the Thomas Emerald was not worth more than the original principal sum requested and borrowed from Plaintiff, much less $200,000,000.00.

21. In January 2013, Defendants knew or had reason to know that the Thomas Emerald was worth much less than the original principal sum of the Note, as Mr. Thomas acquired the Thomas Emerald for several hundred thousand dollars less than the sum borrowed from Plaintiff.

22. The value of the Thomas Emerald was a material fact related to Plaintiff's agreement to extend loan proceeds to AT Emerald.

23. Defendants' representations regarding the value of the Thomas Emerald were made in order to induce Plaintiff to extend the loan and were made fraudulently.

24. The Thomas Emerald is described on AT Emerald's Schedule B on file in the AT Emerald Case.

25. Defendants' interest in AT Emerald is listed on their Schedule B on file in the above-captioned matter, and estimates its value at $200,000,000.00.

26. Upon information and belief, the value of Defendants' interest in AT Emerald is derived out of the alleged value of the Thomas Emerald.

27. Similar to the representations made by Defendants to Plaintiff at or around the time he induced Plaintiff to extend credit, AT Emerald represented on its schedules and statements that the Thomas Emerald had a value of $200,000,000.00.

28. Plaintiff filed its UCC-1 Financing Statement with the Nevada Secretary of State as Document Number 2014003009-2 on February 4, 2014.

29. The original maturity date of the Note was January 17, 2014.

30. AT Emerald defaulted under the terms of the Note by failing to pay the amounts due at maturity.

4

7864758_1

31. Neither AT Emerald nor Defendants have made payments on the Note.

32. The Thomas Emerald is currently held at the Sarasota Vault, 640 South Washington Blvd., Suite 125, Sarasota, Florida, 34236 ("Sarasota Vault").

33. On March 4, 2014, AT Emerald and Defendants filed voluntary chapter 11 petitions (the "Petition Date").

34. On August 29, 2014, the AT Emerald Case and the above-captioned case were converted to cases under chapter 7.

35. On or about September 11, 2014, a trustee was appointed herein.

36. On October 6, 2014, the trustee and an appraiser inspected the Thomas Emerald at the Sarasota Vault, and the resulting estimation of the marketable cash value of the Thomas Emerald was determined to be significantly less than Defendants represented.

37. As of the Petition Date, the amount due under the terms of the Note was in excess of $535,000.00.

38. Throughout the pendency of this case and the AT Emerald Case, Defendants have represented that a viable purchaser for the Thomas Emerald existed, and that said purchaser was willing to pay a significant sum for the Thomas Emerald.

39. Upon information and belief, Defendants knowingly and fraudulently in connection with this case and the AT Emerald Case made a false oath or account by misrepresenting material information regarding their assets in their bankruptcy statements and schedules relating to the value of the Thomas Emerald.

**FIRST CLAIM FOR RELIEF – 11 U.S.C. § 523(a)(2)(A)**

**(FALSE PRETENSES, FALSE REPRESENTATIONS, OR ACTUAL FRAUD)**

40. Plaintiff hereby incorporates each and every allegation in the foregoing paragraphs as if fully set forth herein.

41. Pursuant to 11 U.S.C. § 523(a)(2)(A), a discharge will not apply to an individual debtor for a debt for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

42. As set forth above, Defendants made false representations to Plaintiff on or about January 15, 2013 concerning the value of the Thomas Emerald in order to induce Plaintiff to enter into the loan transaction described herein.

43. Defendants' conduct as alleged herein, including misrepresenting the value of the Thomas Emerald so that Plaintiff would accept the Security Agreement as collateral for the repayment of the Note in order to induce Plaintiff to enter into the loan transaction described herein, constitutes money or property obtained by false pretenses, a false representation or actual fraud.

44. This conduct violates 11 U.S.C. § 523(a)(2)(A) and, therefore, the Defendants' indebtedness to Plaintiff constitutes a non-dischargeable debt.

### SECOND CLAIM FOR RELIEF – FRAUD UNDER NEVADA LAW

45. Plaintiff hereby incorporates each and every allegation in the foregoing paragraphs as if fully set forth herein.

46. At or around January 15, 2013, Defendants made false representations to Plaintiff concerning the value of the Thomas Emerald.

47. Defendants knew or believed that their representations regarding the value of the Thomas Emerald were false, or Defendants had an insufficient basis of information for making the representations.

48. Defendants intended to induce Plaintiff to enter into the loan transaction described above.

49. Plaintiff justifiably relied upon Defendants' representations.

50. As a result, Plaintiff has sustained damages in excess of $500,000.00.

### THIRD CLAIM FOR RELIEF – 11 U.S.C. § 727(a)(4)(A)
### (Dischargeability)

51. Plaintiff hereby incorporates each and every allegation in the foregoing paragraphs as if fully set forth herein.

52. Pursuant to 11 U.S.C. § 727(a)(4)(A), a discharge will not apply where the debtor knowingly and fraudulently, in or connection with the case, made a false oath or account.

53. Plaintiff is informed and believes that by misrepresenting the value of their assets on their schedules and statements, Defendants have made a false oath and account in this bankruptcy case within the meaning of 11 U.S.C. § 727(a)(4)(A).

54. The false oath and account made by Defendants in this bankruptcy includes, but is not limited to, Defendants' misrepresentation of the value of their 100% ownership interest in AT Emerald, based on an appraisal derived out of the alleged value of the Thomas Emerald.

55. Plaintiff reserves the right to allege other instances of Defendants making a false oath or account.

56. This conduct violates 11 U.S.C. § 727(a)(4)(A), and therefore, Defendants should be denied a discharge.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

(1) On the Plaintiff's claims for relief, an order declaring that the amounts owed to Plaintiff are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (B);

(2) For judgment denying Defendants' discharge pursuant to 11 U.S.C. § 727(a)(4)(A);

(3) An award of attorney's fees and costs as appropriate; and

(4) For such other and further relief as the Court may deem just and proper.

DATED Thursday, June 18, 2015.

HOLLAND & HART LLP

By  */s/ Joseph G. Went*
   Timothy A. Lukas, Esq.
   Joseph G. Went, Esq.
   *Attorneys for John Beach, Trustee of the Beach Living Trust dated January 22, 1999*

7864758_1

# CERTIFICATE OF SERVICE

1. On the 18th day of June, 2015 I served the following document(s) *(specify)*:

**FIRST AMENDED COMPLAINT FOR DETERMINATION OF NON-DISCHARGEABLITY OF DEBT AND DENIAL OF DISCHARGE**

2. I served the above-named document(s) by the following means to the persons as listed below*: (Check all that apply)*

☒ **a.** **ECF System** *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

MICHAEL LEHNERS on behalf of Defendant ANTHONY THOMAS
michaellehners@yahoo.com

MICHAEL LEHNERS on behalf of Defendant WENDI THOMAS
michaellehners@yahoo.com

**I declare under penalty of perjury that the foregoing is true and correct.**

**DATED this 18th day of June, 2015**

　　*/s/ Alexis Stajkowski*
_____
SIGNATURE OF DECLARANT

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

8

7864758_1